No. 3550.—J. C. MURPHY & Co. *v.* CHARLES E. RULH—MRS. RULH, Third Opponent; and R. L. BOWLES *v.* CHARLES E. RULH—MRS. RULH, Third Opponent.

In this case the property of the debtor had been sold under a judgment, and a twelve months' bond was given for the price, which was less than the amount of the judgment. The widow and heirs of the deceased debtor, left in necessitous circumstances, sought by rule to have the bond or its proceeds applied to the payment of their claim of one thousand dollars under the homestead act. Held—That the property having been sold before the death of the debtor, it no longer formed a part of his succession, nor did the bond which was the price thereof, and the widow and heirs had no claim against the property, nor the proceeds thereof, in payment of their demand.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. John H. McKee* and *Hornor & Benedict,* for plaintiffs and defendants in rule, appellees. *A. J. Villere,* for appellants.

LUDELING, C. J. The plaintiffs, Murphy & Co. and R. L. Bowles, obtained judgments against Charles E. Rulh, and caused his property to be seized and sold on a twelve months' credit. The purchaser gave his twelve months' bond in favor of the sheriff. Afterwards, but before the maturity of the twelve months' bond, Charles E. Rulh died, leaving his widow and children in necessitous circumstances.

This suit was commenced by rule against Murphy & Co., J. Martin, R. L. Bowles and J. B. Maynard, to have the proceeds of the twelve months' bond appropriated to the widow and children of the deceased, under the homestead act. There was judgment in favor of the widow

and children, and Murphy & Co. and R. L. Bowles have appealed. The property of the deceased having been sold under execution, he ceased to have any right or title thereto, or in the bond given for the price, as it was for less than the amount of the judgments under which the property was sold, and it did not belong to the succession of Charles E. Rulh. The law directs that the widow and children of the deceased, left in necessitous circumstances, and not possessed in their own right of property to the amount of one thousand dollars, shall be entitled to receive *from the succession* of their deceased father or husband a sum which added to what they own will make one thousand dollars. Revised Statutes, p. 333, § 1693.

It is therefore ordered and adjudged that the judgment of the district court be avoided as to the appellants, and that there be judgment against the plaintiffs in the rule, with costs of both courts.